UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRACI L. MACMANN, individually, and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| TROPICANA ENTERTAINMENT, INC., and TROPICANA ST. LOUIS, LLC, D/B/A LUMIERE PLACE CASINO & HOTELS, | ) ) ) ) ) |
| Defendants. | ) |

Case No. 4:19 CV 404 RWS

### MEMORANDUM AND ORDER

This case is before me on Defendant Tropicana Entertainment Inc.'s ("Tropicana") motion for summary judgment, ECF No. [53], and Plaintiff Traci MacMann's motion seeking to stay consideration and briefing of the Defendants' summary judgment motion. ECF No. [58]. For the reasons below, I will grant Plaintiff additional time to respond to Defendant's motion for summary judgment.

## I. BACKGROUND

Plaintiff filed this putative Missouri Minimum Wage Law class action and nationwide Fair Labor Standards Act ("FLSA") collective action on March 4, 2019. The Complaint was filed on behalf of the Plaintiff and similarly situated employees who "work or worked for Defendants at their casino properties within

the respective limitations periods." Pl. Compl. ¶ 19.  It alleges FLSA violations concerning Defendant's nationwide compensation policies. Pl. Compl. ¶ 19.

On May 13, 2019, the parties filed their Joint Scheduling Plan, ECF No. [24], which included competing proposals about how to phase discovery. Defendant's proposed a three-phase discovery plan with the first phase focused exclusively on the FLSA joint employer issue. Plaintiff's proposed a two-phase plan, with the first phase focused on issues related to conditional and class certification. On May 21, 2019, the Case Management Order - Conditional and Class Certification Issues, ECF No. [25], was issued, adopting a two-phase discovery schedule. Although the Case Management Order focused on Conditional and Class Certification, it did not explicitly limit the initial phase of discovery to these issues. Phase one discovery is ongoing and currently scheduled to close on July 9, 2020.

On February 20, 2020, Defendants filed their motion for summary judgment on the issue of Tropicana's status as a joint employer under FLSA. Plaintiff responded with a motion to stay consideration of summary arguing the joint employer issue was outside the scope of phase one discovery.

## II. DISCUSSION

*A. Fed. R. Civ. P. 56*

"Rule 56[d] allows a party to request a delay in granting summary judgment if the party can make a good faith showing that postponement of the ruling would enable it to discover additional evidence which might rebut the movant's showing of the absence of a genuine issue of material fact." Robinson v. Terex Corp., 439 F.3d 465, 467 (8th Cir.2006) (citing Small Bus. Admin. v. Light, 766 F.2d 394, 397–98 (8th Cir.1985)). "Although discovery need not be complete before a case is dismissed, summary judgment is proper only if the nonmovant has had adequate time for discovery." Id.(citing Pony Computer, Inc. v. Equus Computer Sys. of Mo., Inc., 162 F.3d 991, 996 (8th Cir.1996)). The Eighth Circuit has interpreted this to require that "[t]he party seeking additional discovery must show: (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." Toben v. Bridgestone Retail Operations, LLC, 751 F.3d 888, 895 (8th Cir. 2014). But, the purpose of Rule 56(d) is to provide an additional safeguard against an improvident or premature grant of summary judgment and it "should be applied with a spirit of liberality." U.S. ex rel. Bernard v. Casino Magic Corp., 293 F.3d 419,426 (8th Cir.2002).

In this case Plaintiff argues she did not conduct discovery related to the joint employer issue, because she believed the case management order limited phase one discovery to issues concerning conditional and class certification. Defendants argue that the case management order did not limit the scope of discovery and Plaintiff's failure to perform necessary discovery was remiss and does not warrant relief under Fed. R. Civ. P. 56(d).

Although I agree with the Defendant that the joint employer issue was not beyond the scope of phase one discovery, and I believe it should be considered in parallel with conditional and class certification, Plaintiff's failure to engage in joint employer discovery was based on a good faith misinterpretation of the case management order. Because of this good faith error, the plaintiff has not had adequate time to conduct discovery regarding the joint employer issue and has demonstrated that additional discovery would aide in the disposition of the summary judgment motion.  Additionally, Plaintiff has set forth the specific information she hopes to elicit from further discovery, the documents and discovery she believes will contain the information, and the reason the information is necessary to respond to the Defendant's motion.  Therefore, additional time to conduct discovery  and respond to the Defendant's motion is warranted.

But, as both parties indicated in their briefings the discovery necessary to address conditional and class certification overlaps and the joint employer issue

4

overlap, so an additional six months is not necessary. Accordingly, I will extend phase one discovery until August 25, 2020. This will give Plaintiff approximately 90 days to conduct discovery regarding the joint employer issue. Plaintiff will then have until September 25, 2020, to file a response to Defendant's motion for summary judgment and file their brief in support of conditional and class certification. An amended case management order detailing the new schedule will be issued herewith.

*B. Equitable Tolling*

Plaintiff also requested the court equitably toll the limitations period for putative collective members through the date of conditional certification. Equitable tolling is a "limited and infrequent form of relief" that is available if a party establishes "(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way." Smithrud v. City of St. Paul, 746 F.3d 391, 396 (8th Cir. 2014) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, (2005)).

In this case, some period of tolling is appropriate. Plaintiff has been diligently pursuing her case, filing numerous consents to join and actively participating in discovery. Additionally, courts have recognized, delays caused by the court can constitute "extraordinary circumstances." See Davenport v. Charter Communications, LLC, 2014 WL 2993739 at *4-5 & *6-8 (E.D. Mo. July 3,

5

2014). Since I delayed briefing on conditional and class certification so it could be considered in parallel with the joint employer issue, tolling is appropriate for the period between August 13, 2020, the previous deadline for the plaintiff to file a brief in support of conditional and class certification, and September 25, 2020, the amended deadline.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Stay Consideration and Briefing of Defendant's Motion for Summary Judgment, ECF No. [58] is **GRANTED** in part in accordance with this memorandum.

**IT IS FURTHER ORDERED** that parties shall complete all discovery regarding conditional and class certification and joint employer issues no later than **August 25, 2020**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a response to Defendant's motion for summary judgment [53] no later than **September 25, 2020**.

**IT IS FURTHER ORDERED** that the Fair Labor Standards Act limitations periods applicable to this case shall be tolled by 43 days.

An amended case management order is filed herewith.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 27th day of May 2020.

6