UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRACI L. MACMANN, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> TROPICANA ENTERTAINMENT, INC., and TROPICANA ST. LOUIS, LLC, D/B/A LUMIERE PLACE CASINO & HOTELS, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 4:19 CV 404 RWS |

## MEMORANDUM & ORDER

This case is before me on Plaintiff's motion for approval of the form and plan of notice for both the conditional Fair Labor Standards Act collective and the Fed. R. Civ. P. 23 class. ECF No. [125]. Defendant consents to most of Plaintiff's form and plan of notice, but objects to the use of text messaging to notify the class and to the length of the opt-in period. For the reasons discussed below, I will grant the Plaintiff's motion, but will shorten the opt-in period to 60-days.

## I. BACKGROUND

Plaintiff, Traci MacMann, is a former employee of Tropicana St. Louis (d/b/a Lumiere). She worked as a table games dealer and is bringing this action alleging violations of the FLSA and Missouri Minimum Wage Law (MMWL) on behalf of herself and those similarly situated. On March 23, 2021, I issued an order certifying several FLSA collectives and Rule 23 classes. Pursuant to that order, Plaintiff's moved for approval of their form and plan of notice on April 20, 2021. Defendants object to two portions of the form and plan of notice. First, they object to the use of text messages to notify potential class members and second, they object to the 90-day opt-in period, instead requesting a 60-day opt-in period.

## II. LEGAL STANDARD

District courts have the authority to manage the cases before them, and as part of that authority, the court supervises the notification process for "opt-in" collective actions. Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989). Therefore, when considering the proposed form and plan of notice in collective actions under the FLSA, I have discretion to facilitate notice to potential plaintiffs and to ensure the notice is accurate, fair, and timely. See Cooper v. Integrity Home Care, Inc. 2017 WL 1628974 at *4 (W.D. Mo. May 1, 2017); Littlefield v. Dealer Warranty Servs.,

LLC, 679 F. Supp. 2d 1014, 1018 (E.D. Mo. 2010). However, I should not alter plaintiff's proposed notice, unless certain changes are necessary. Id. (citing Creten-Miller v. Westlake Hardware, Inc., No. CIV.A. 08-2351-KHV, 2009 WL 2058734, at *2 (D. Kan. July 15, 2009)).

## III. NOTICE TO CLASS MEMBERS

### A. Methods

Plaintiffs propose sending notice to potential opt-in plaintiffs using three methods – U.S. Mail, e-mail, and text message. With their Motion, Plaintiffs included proposed notice and consent forms in PDF format. ECF Nos. [125-2], [125-3], and [125-4].  Defendants object to Plaintiff's proposed methods of notice. Defendants argue that the use of text messages is not warranted and that notice by U.S. Mail  and email is sufficient.

Collective and class actions depend on potential class members receiving accurate and timely notice of the action so that they can make an informed decision about whether or not to participate. Murray v. Silver Dollar Cabaret, Inc., No. 5:15-CV-5177, 2017 WL 514323, at *4 (W.D. Ark. Feb. 8, 2017). In cases such as this where many of the class members are former employees who may no longer live in the area, notice by multiple means is appropriate. See Id. Additionally, because text messages cannot be filtered to a SPAM folder or rebound because of a full inbox, they are more likely to reach and be read by the intended audience.

While I appreciate the Defendant's concern about their employees and former employees' privacy, I do not find their argument persuasive. Although some federal courts in Missouri have denied requests for notice by text message, others have granted it. See Lockett v. Pinnacle Ent., Inc., No. 19-00358-CV-W-GAF, 2021 WL 960424, at *9 (W.D. Mo. Mar. 12, 2021), contra Hampton v. Maxwell Trailers & Pick-Up Accessories, Inc., No. 2:18CV110 HEA, 2020 WL 1888798, at *5 (E.D. Mo. Apr. 16, 2020).  Since the focus at this stage is to ensure class members receive accurately and time notification, I believe it is best to provide for multiple methods of notification. Text messages are one of the methods of notification most likely to reach potential class members and potential class members will receive at most four text messages, two for the FLSA collective action and two for the Rule 23 class. Therefore, I will approve the proposed methods of notification, which include notification by U.S. mail, email, and text message.

**B. Content**

Defendants argue that the proposed notice should be modified to shorten the notice period from 90 days to 60 days. I agree with Defendants that a 90-day notice period is excessive. See e.g. Emily v. Raineri Constr., LLC, No. 4:15CV282 RLW, 2015 WL 7429993, at *5 (E.D. Mo. Nov. 20, 2015) (reducing opt-in period from 90 to 60 days where Defendant was a local company and class was limited to

hourly workers). Plaintiff concern about their inability to reach potential class members by mail is mitigated by the use multiple notification methods. Additionally, the class definitions and sizes are limited. Therefore, the opt-in period will be shortened to 60 days.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for approval of form and plan of notice, ECF No. [125], **GRANTED** in part and **DENIED** in part as follows:

> Plaintiff's Notice of Conditionally Certified Collective Action Lawsuit, ECF No. [125-2], Consent to Join, ECF No. [125-3], and Notice of Certified Class Action Lawsuit, ECF No [125-4] shall be amended to provide for an opt-in or opt-out period of 60 days.

**IT IS FURTHER ORDERED** the parties will provide a status report to the court within 90 days of the date of this order and every 90 days thereafter.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 12th day of May 2021.