# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **TRACI L. MACMANN**, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**TROPICANA ST. LOUIS, LLC D/B/A LUMIERE PLACE CASINO & HOTELS,**<br><br>Defendant. | Case No. 4:19-cv-00404-RWS |

## ORDER GRANTING PRELIMINARY APPROVAL
## OF CLASS AND COLLECTIVE ACTION SETTLEMENT

On April 12, 2023, the Court held a hearing on a motion for preliminary approval of a settlement of a class and collective action by Plaintiff Traci L. MacMann ("Named Plaintiff"), on behalf of herself and all others similarly situated, and Defendant Tropicana St. Louis, LLC d/b/a Lumiere Place Casino & Hotels ("Defendant"). The Court has considered the Settlement Agreement and its exhibits, including the Proposed Settlement Notice, and the submissions of counsel, and hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Order (the "Preliminary Approval Order") will have the same meaning as defined in the Settlement Agreement.

2. The Court finds on a preliminary basis that the settlement memorialized in the Settlement Agreement, and filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval as required by Federal Rule of Civil Procedure 23(e).

3. The Court grants preliminary approval of the parties' Settlement Agreement.

4. The Court certifies the following Settlement Classes pursuant to the Settlement Agreement and Fed. R. Civ. P. 23:

    a. **Gaming License Class:** All hourly, non-exempt employees of Lumiere who were paid a direct hourly wage equal to or less than the then-applicable minimum wage in Missouri ($11.15 per hour during 2022, $10.30 per hour during 2021, $9.45 per hour during 2020, $8.60 per hour during 2019, $7.85 per hour during 2018, or $7.70 per hour during 2017) and had a gaming license fee deducted from their wages at any time from March 4, 2017 to March 23, 2021.

    b. **Miscalculated Regular Rate Class:** All hourly, non-exempt employees of Lumiere who were paid a direct hourly wage that was less than the then-applicable minimum wage in Missouri ($11.15 per hour during 2022, $10.30 per hour during 2021, $9.45 per hour during 2020, $8.60 per hour during 2019, $7.85 per hour during 2018, or $7.70 per hour during 2017) and worked more than 40 hours in any workweek from March 4, 2017 to March 23, 2021.

5. The Court confirms its earlier appointment of Traci L. MacMann as the Class Representative of the Settlement Class.

6. The Court confirms its earlier appointment of George A. Hanson and Alexander T. Ricke of Stueve Siegel Hanson LLP and Ryan L. McClelland of McClelland Law Firm, P.C. as Class Counsel.

7. This Court orders the parties to select a Settlement Administrator to perform duties in accordance with the terms of the Settlement Agreement.

8. The proposed Notice packet to be provided as set forth in the Settlement Agreement is hereby found to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed class settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, the laws of the State of Missouri, and all other applicable laws. The Notice is accurate, objective, and informative, and provides members of the Settlement

Classes with all of the information necessary to make an informed decision regarding their participation in the settlement and its fairness.

9. The Notice of Proposed Settlement of Class and Collective Action, attached to the Settlement Agreement as Exhibit A is approved. The Settlement Administrator is authorized to mail that document to the Class Employees as provided in the Settlement Agreement.

10. Class Employees who wish to opt out of the Settlement must submit a written request to opt out of the Settlement Administrator no later than (a) forty-five (45) days from the date the Settlement Administrator first mails the Proposed Settlement Notice to Class Employees, or (b) thirty (30) days from the date the Settlement Administrator mails the Proposed Settlement Notice to a Class Employee's additional address, whichever date is later, provided that under no circumstances will any Class Employee be permitted to submit his or her written request to opt out of the settlement more than seventy-five (75) days from date the Settlement Administrator first mails the Proposed Settlement Notice to Class Employees.

11. Any written objection to the Settlement must be submitted to the Settlement Administrator or the Court no later than forty-five (45) days after the Proposed Settlement Notices are mailed to the Class Employees.

12. The Court further certifies the following Settlement Collectives pursuant to the Settlement Agreement and 29 U.S.C. § 216(b):

    a. **Tip Credit Notice Collective:** All hourly, non-exempt employee table games dealers of Lumiere who were paid a direct hourly wage that was less than $7.25 per hour and for whom a tip credit was claimed at any time from March 4, 2016 to December 31, 2020, and who filed a Consent to Join form in the Litigation.

    b. **Timeclock Rounding Collective:** All hourly, non-exempt employee table games dealers of Lumiere who clocked in and clocked out using the Kronos or ADP Timesaver timekeeping software at any time from March 4, 2016 to March 23, 2021, and who filed a Consent to Join form in the Litigation.

13. For the same reasons that the Court preliminarily finds the Settlement Agreement is fair, reasonable, and adequate under Fed. R. Civ. P. 23(e)(2), the Court likewise finds on a preliminary basis that the resolution of the Fair Labor Standards Act claims represents a fair and reasonable resolution of a *bona fide* dispute.

14. Pending the Court's decision on final approval of the settlement, this matter is stayed other than as set out in this Order.

15. The Named Plaintiff and Defendant are ordered to carry out the settlement according to the terms of the Settlement Agreement.

16. The Court will conduct a Final Approval Hearing on **August 23, 2023, at 10:00 a.m. IN PERSON** in Courtroom 16-South to determine the overall fairness of the settlement and to approve the amount of attorneys' fees and costs to Class Counsel and the Service Payment to the Named Plaintiff. The Final Approval Hearing may be continued without further notice to Class Members.

17. The Named Plaintiff shall file her motion for approval of the settlement, and Class Counsel shall file their unopposed motion for attorneys' fees, costs and expenses, and the Named Plaintiff Service Payment no later than **August 9, 2023**.

IT IS SO ORDERED.

Dated: April 14, 2023

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE