IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRACI L. MACMANN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TROPICANA ST. LOUIS, LLC D/B/A LUMIERE PLACE CASINO & HOTELS,<br><br>Defendant. | Case No. 4:19 CV 404 RWS |

## ORDER GRANTING
## FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

On today's date, a hearing was held on the parties' motion for final approval of a settlement of this class and collective action by Plaintiff Traci L. MacMann ("Named Plaintiff" or "Class Representative"), on behalf of herself and all others similarly situated, and Defendant Tropicana St. Louis, LLC d/b/a Lumiere Place Casino & Hotels ("Defendant"). The Court has considered Plaintiff's Unopposed Motion for Final Approval of Class and Collective Action Settlement and supporting Memorandum of Law (ECF Nos. 193-94), Plaintiff's Unopposed Motion for Attorneys' Fees, Expenses, and Service Award and supporting Memorandum of Law (ECF Nos. 195-96), and other related materials submitted by the parties, as well as the parties' presentation at the hearing on final approval, and otherwise being fully informed in the premises, hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Order (the "Final Approval Order") will have the same meaning as defined in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this Litigation pursuant to 28 U.S.C. §§ 1331, 1332, and 1367, including jurisdiction over all members of the Settlement Classes

certified by order dated April 14, 2023 (ECF No. 191), and defined as:

    a.    **Gaming License Class:** All hourly, non-exempt employees of Lumiere who were paid a direct hourly wage equal to or less than the then-applicable minimum wage in Missouri ($11.15 per hour during 2022, $10.30 per hour during 2021, $9.45 per hour during 2020, $8.60 per hour during 2019, $7.85 per hour during 2018, or $7.70 per hour during 2017) and had a gaming license fee deducted from their wages at any time from March 4, 2017 to March 23, 2021;

    b.    **Miscalculated Regular Rate Class:** All hourly, non-exempt employees of Lumiere who were paid a direct hourly wage that was less than the then-applicable minimum wage in Missouri ($11.15 per hour during 2022, $10.30 per hour during 2021, $9.45 per hour during 2020, $8.60 per hour during 2019, $7.85 per hour during 2018, or $7.70 per hour during 2017) and worked more than 40 hours in any workweek from March 4, 2017 to March 23, 2021.

3. The Court finds that the Settlement Classes satisfy the requirements of Fed. R. Civ. P. 23(a) and are maintainable under Rule 23(b)(3) for purposes of settlement of this Litigation only.

4. The Court confirms the appointments of (a) Named Plaintiff Traci L. MacMann as Class Representative of the Settlement Classes and Settlement Collectives, and (b) the law firms of Stueve Siegel Hanson LLP and McClelland Law Firm, P.C. as Class Counsel.

5. The Notice of Proposed Settlement of Class and Collective Action ("Proposed Settlement Notice") sent to the Class members via First Class Mail adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to obtain monetary relief, their right to request exclusion from the Class and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing. The Proposed Settlement Notice also adequately informed the Class Members of the contact information for the Settlement Administrator and Class Counsel. Thus, the Court finds that the Proposed Settlement Notice provided to the Class Members

satisfied the requirements of Fed. R. Civ. P. Rule 23(e)(1)(B).

6. Pursuant to Fed. R. Civ. P. 23(e)(2), the Court finds that the settlement memorialized in the Settlement Agreement, and filed with the Court, is fair, reasonable, and adequate, and in the best interests of the Class Members. The Court finds that: (a) the strength of the Class Representative's and Class Members' claims weighed against the defenses of Defendant and the complexity, length, and expense of further litigation, support approval of the Settlement; (b) the Class and Collective Settlement Fund of $450,000 as set forth in the Settlement Agreement is a fair, reasonable, and adequate settlement of the Named Plaintiff's individual claims and the claims of the Settlement Class and Settlement Collective; (c) the Settlement was reached pursuant to arm's-length negotiations between the parties; (d) the support for the Settlement expressed by Class Counsel and counsel for the Released Parties, who have significant experience representing parties in complex class actions, including those involving wage and hour claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Class Members supports approval of the Settlement; and (f) the Litigation has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

7. The Court further certifies, for settlement purposes only, the following Settlement Collectives pursuant to the Settlement Agreement and 29 U.S.C. § 216(b):

    a. **Tip Credit Notice Collective:** All hourly, non-exempt employee table games dealers of Lumiere who were paid a direct hourly wage that was less than $7.25 per hour and for whom a tip credit was claimed at any time from March 4, 2016 to December 31, 2020, and who filed a Consent to Join form in the Litigation.

    b. **Timeclock Rounding Collective:** All hourly, non-exempt employee table games dealers of Lumiere who clocked in and clocked out using the Kronos or ADP Timesaver timekeeping software at any time from March 4, 2016 to March 23, 2021, and who filed a Consent to Join form in the Litigation.

8. For the same reasons that the Court finds the Settlement Agreement is fair, reasonable, and adequate under Fed. R. Civ. P. 23(e)(2), the Court likewise finds that the resolution of the Fair Labor Standards Act claims represents a fair and reasonable resolution of a *bona fide* dispute.

9. The Settlement Administration Costs of $11,955 are approved and shall be paid to the Settlement Administrator from the Class and Collective Settlement Fund according to the procedures set forth in the Settlement Agreement.

10. The Service Payment, as set forth in the Settlement Agreement, is approved and shall be awarded and paid to Named Plaintiff from the Class and Collective Settlement Fund according to the procedures set forth in the Settlement Agreement.

11. Class Counsel is awarded $850,000 for attorneys' fees and $100,000 for costs and expenses. Class Counsel's attorneys' fees and expenses are justified under the *Johnson* factors for the reasons set out in Plaintiff's Memorandum of Law in Support of Unopposed Motion for Attorneys' Fees, Expenses, and Service Award (ECF No. 196). Defendant shall separately pay Class Counsel $850,000 in attorneys' fees consistent with the terms of the Settlement Agreement. Class Counsel's costs and expenses shall be deducted from the Class and Collective Settlement Fund according to the procedures set forth in the Settlement Agreement.

12. Class Members and Collective Members shall receive their settlement shares according to the allocation formula and procedures set forth in the Settlement Agreement. Any portion of the Net Settlement Fund that is not claimed by Class Members or Collective Members because those individuals did not timely negotiate their Settlement Checks will be transferred to the State of Missouri's unclaimed property fund to be held by the State of Missouri for the benefit of the Class Member or Collective Member.

13. The Court orders that any Class Employee who did not timely submit a written request to opt out of the settlement is bound by the terms of the Settlement Agreement, and fully releases and discharges the Released State Claims. The Court finds that one individual, Holly Ross, excluded herself from the Rule 23 classes that were certified in response to the Court's Order granting class certification. As a result, Ms. Ross is likewise excluded from the subsequent Settlement Agreement.

14. The Court orders that all Opt-In Plaintiffs and Collective Members are bound by the terms of the Settlement Agreement and fully release and discharge the Released Federal Claims.

15. As identified by the Settlement Administrator, the Court finds that no individual, other than Ms. Ross identified above, has timely requested exclusion from the Settlement Class.

16. This Court grants final approval of the Settlement.

17. This matter is dismissed with prejudice, without any cost to any of the parties except as provided in the Settlement Agreement. The Clerk is directed to enter judgment consistent with this Order.

IT IS SO ORDERED.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of August, 2023.